# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE RANDALL WINDSOR-ROMANOV,<br><br>              Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA, etc.,<br><br>              Respondent. | Case No. CV 18-7409-AG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On August 23, 2018, Pierre Randall Windsor-Romanov ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition").

The Court's review of the Petition reveals that it suffers from the following deficiencies:

1. Although the Petition is difficult to decipher, it appears that Petitioner is challenging a decision of the Board of Parole Hearings ("BPH") to designate him as a Mentally Disordered Offender and order him to be treated at Atascadero State Hospital ("ASH") as a condition of his parole. (Petition at 2, 7.) Petitioner argues that the BPH's decision violated the Eighth and Fourteenth Amendments and that he was treated unfairly and prejudiced by the BPH's decision. (Id. at 6.) A petitioner in custody pursuant to the judgment of a state court may challenge his confinement "only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Although Petitioner cites to the Eighth and Fourteenth Amendments to support the challenge to his confinement at ASH as a condition of his parole, he does not provide sufficient facts to support a claim that the BPH's decision violated due process or constituted cruel and unusual punishment. Accordingly, Petitioner fails to state a cognizable claim for habeas relief under 28 U.S.C. § 2254.

2.  Petitioner has failed to name a proper respondent. If Petitioner chooses to file an amended petition, he must name as the respondent the warden or administrator of the facility where he is currently confined. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

3.  Petitioner has failed to demonstrate that he has exhausted his state remedies as to any claim that he is in state custody in violation of federal law. Federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). "To exhaust state remedies, petitioner must present each of his claims to the state's highest court. In turn, the state's highest court must have disposed of each claim on the merits." James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994) (citing Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

* * * *

For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition rectifying the deficiencies identified above no later than **November 19, 2018**. The clerk is directed to send Petitioner a blank Petition for Writ of Habeas Corpus form for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner shall name the proper respondent, and provide all of the requested information.

Petitioner shall immediately notify the Court of any change to Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by November 19, 2018, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: October 19, 2018  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE